## Marjorie H. Walker v. Lynn H. Walker

[ 200 A.2d 271 ]

April Term, 1964

Present: Shangraw, Barney, Smith and Sylvester, JJ.

Opinion Filed April 30, 1964

*Fitts & Olson* for the libellant.

*Bloomer & Bloomer* and *Frederick J. Fayette* for the libellee.

**Per Curiam.** At the time an appeal in this cause was pending before this Court, the libellant moved to cause depositions to be taken before a notary public. The witnesses called refused to testify in the proceedings. The libellee, invoking by motion 12 V.S.A. §1246, has asked this Court, as being the Court before which the action is presently pending, to halt or suspend the deposition proceedings.

Unless the parties stipulate otherwise (12 V.S.A. §1240a), the authority of these statutes for the taking of depositions in civil cases is expressly limited to causes pending in county courts, courts of chancery or municipal courts. 12 V.S.A. §1231. No other can qualify. See *Davidson* v. *Davidson,* 111 Vt. 24, 28, 9 A.2d 114. For probate court procedure, see 4 V.S.A. §365.

It is likewise clear that reference in subsequent sections of these deposition statutes to "the court in which the action is pending" is confined to these same three authorized courts. It follows that the authority given in 12 V.S.A. §§1244 and 1246 to terminate, abridge or suspend the proceedings does not extend to this Court, or to any other court or judicial officer not named in the statute. It must be pointed out, however, that there are judicial procedures which, if properly invoked, support intervention by this Court in such circumstances. See *Reed* v. *Allen,* 121 Vt. 202, 153 A.2d 74, 73 A.L.R.2d 1161.

12 V.S.A. §1246 extends to a superior judge authority to order cessation of such proceedings if it is shown they are being conducted in bad faith or in a manner as to unreasonably annoy, embarrass or oppress the witness. After such suspension, power is also given to a superior judge to order their subsequent resumption. The same power belongs to the three particularly authorized courts previously referred to. But this Court is not among those authorized to exercise the particular statutory intervention the libellee seeks.

*Motion denied. Let neither party recover his costs in this Court.*

**Holden, C. J.** took no part in this case.

N.B.   Prior to certification, the Court, of its own motion, determined that the original opinion ought to be clarified, whereupon the original opinion was recalled and modified.   The revision does not change the result previously reached, and the entry order is not affected, except as to costs.