**State Highway Board v. Carl E. Pratt, Edna T. Jensen, et al**

[ 250 A.2d 726 ]

December Term, 1968

Present: Shangraw, Barney, Smith, Keyser, JJ., and Larrow, Supr. J.

Opinion Filed February 4, 1969

*James L. Oakes,* Attorney General, *Louis P. Peck* and *Robert C. Schwartz,* Assistant Attorneys General, for the State.

*Bloomer & Bloomer* for the Petitionee.

**Shangraw, J.** This petition was brought by the Vermont State Highway Board, under the authority of Title 19 V.S.A. Chapter 5, Condemnation, particularly §§224-228, as well as 19 V.S.A. Chapter 17, relating to limited access facilities.

Proposed Route 4 will be a limited-access, four-lane highway from the Town of West Rutland, Vermont to the New York State line. This appeal by petitionee, Edna T. Jensen, is from a determination that it is necessary to use Dutton Avenue, sometimes known as Scotch Hill Road in Fair Haven, Vermont as an access road to proposed Route 4. There is no objection to Route 4 itself, but only to the Dutton Avenue access road.

Proposed Route 4 runs through the Town of Fair Haven which has a population of approximately 2,000 to 2,500 persons. There are three proposed exits for the Town of Fair Haven, one is at the westerly line thereof, at or near the New York State line. Another is at Route 22A, a main highway between the easterly areas of New York State, and the westerly areas of Vermont and running generally from Granville, N.Y. northerly through Fair Haven to Vergennes, Vermont. The third proposed exit is the Scotch Hill Road, or Dutton Avenue, in Fair Haven. The Scotch Hill Road runs northerly from Route 4 to the recreational area in the vicinity of Lake Bomoseen, Vermont.

The appellant, Jensen, owns real property on the easterly side of Dutton Avenue, part of which is proposed to be taken for the access road. The average daily traffic count on the Scotch Hill Road is 155

vehicles per day or approximately 77½ vehicles each way. It is estimated that by 1987 the average daily traffic at the Scotch Hill Road interchange, will be 2,300 vehicles per day. Dutton Avenue is a residential area. At the necessity hearing, only five persons objected to the use of Dutton Avenue as an access road.

This project includes two ramps in order to gain access to proposed Route 4 at the Scotch Hill Road area and serve traffic proceeding to and from the east. It also includes land to construct two ramps designated to serve traffice to and from the west, although construction to the western access ramps was not contemplated at time of hearing.

The estimated cost of construction for this interchange, exclusive of right of way acquisition costs and preliminary engineering, was found to be $71,350. The estimated damage to the property adjacent to Dutton Avenue is in the neighborhood of $15,000, which was arrived at on the basis of general averages, rather than by specific inspection of the property here involved. It was further determined that this proposed project meets the safety standards established in order that federal aid may be received for its construction.

The findings also reveal that the location of the Scotch Hill Road interchange, and the two other exchanges, are governed by the traffic factor rather than the population of the area. Further, that the exchange now considered is warranted by reason of the commuter traffic going east and west to and from Rutland, Vermont.

The court also found that in the event the proposed highway and interchange were not constructed, present Route 4 would require extensive reconstruction.

The land proposed to be condemned in the Town of Fair Haven for the entire project will effect the grand list of the town of Fair Haven by 1% tax loss.

The court concluded that it was reasonably necessary to acquire the land and rights set forth in the petition for highway purposes, and so held in the judgment order.

The appellant, Jensen, contends that the record fails to reveal a necessity for the Dutton Avenue or Scotch Hill Road interchange.

No question arises as to the requirement for the taking of the land on Dutton Avenue, provided there is a necessity for the interchange. Under the provisions of 19 V.S.A. §227 (a) "The burden of proof of the necessity of the taking shall be upon the highway board

and shall be established by a fair preponderance of the evidence, and the exercise of reasonable discretion upon the part of the highway board shall not be presumed."

"Necessity" as defined by 19 V.S.A. §221 (1), insofar as applicable here, in part read:

" 'Necessity' shall mean a reasonable need which considers the greatest public good and the least inconvenience and expense to the condemning party and to the property owner. Necessity shall not be measured merely by expense or convenience to the condemning party. Due consideration shall be given to the adequacy of other property and locations; * * * to the effect upon home and homestead rights and the convenience of the owner of the land; to the effect of such highway upon the scenic and recreational values thereof; to the effect upon town grand lists and revenues."

In seeking a reversal, the appellant first challenges certain findings which we shall now refer to.

7. "* * * That the estimated damage to the property adjacent to Dutton Avenue, so-called, is in the neighborhood of $15,000. Although this estimate was made on general averages rather than specific inspection of the property here involved."

Appellant urges two objections to this finding. First, that the damage to property of the landowners on Dutton Avenue, including that of the appellant was not specifically or separately appraised. Secondly, that there was no substantial evidence on which the trial court could find total damages of $15,000.00. Appellant claims that this figure was conjectural.

The evidence shows only 1.43 acres of residential property is being taken on Dutton Avenue and that the estimated damage caused by the taking is $15,000. There is no validity to appellant's first ground of exception. The dollar appraisal of each property affected by the project is not a question for determination in a necessity hearing. This is the effect of No. 242, Acts of 1957.

The overall estimated damage to property owners is, however, an element to be taken into consideration by the court on the question of necessity.

The finding made by the court is supported by the testimony of the Chief of the appraiser section of the State Highway

Department. He gave only a general estimate of damage and this was all that was required. Finding 7 is supported by adequate evidence.

Appellant's second exception is to finding 13, which reads:

"That the land proposed to be condemned in the Town of Fair Haven for this entire project will effect the Grand List of the Town of Fair Haven by 1% tax loss."

In support of the claimed error in this finding, appellant merely asserts, "The $15,000.00 figure was used to reduce the Grand List." Appellant presents no argument, no citations, and no reference to the transcript. We are merely confronted with a naked statement unsupported in any way. This is inadequate briefing and the exception to this finding need not be considered by this Court. If the objection is to be considered as based on the premise that the $15,000.00 figure was improper, what we have said concerning finding 7 applies.

We call attention to 19 V.S.A. §1871a which provides:

"A town whose grand list is reduced by reason of the board taking taxable real estate therein for limited access facilities shall be reimbursed by the state annually to the amount of taxes last assessed and payable on the real estate before the taking."

The partial taking of defendant's property might well result in a reduction of the local appraisal of her property for tax purposes. As a taxpayer it can hardly be said, in view of the above statute, that the effect of its taking upon the town's Grand List would be to her prejudice. The burden of establishing prejudice was on the appellant. *Eno* v. *City of Burlington,* 125 Vt. 8, 16, 209 A.2d 499. This has not been demonstrated. Appellant gains nothing by her exception to finding 13.

Appellant's third exception relates to finding No. 9 which reads:

"That within the Town of Fair Haven there would be three interchanges from said limited access highway, one at Route 22A, one at Vermont Route 30, and one at State Aid Road 5, also known as the Scotch Hill Road."

By this exception appellant merely calls attention to the fact that one of the interchanges would be at the New York State line area, and not at Route 30. This of course is harmless error.

The fourth exception is to finding No. 15 reading as follows:

"That the proposed interchange location at State Aid Route 5 is warranted by reason of commuter traffic going east and west to and from Rutland, Vermont."

The main thrust of appellant's position is that the population and area of Fair Haven do not justify three interchanges. The suggested 22A exchange is located 9/10 mile westerly of the proposed Scotch Hill Road exchange. The greater portion of the Village of Fair Haven is located southerly and westerly of the Scotch Hill exchange. It is the appellant's position that commuter traffic from Fair Haven to Rutland could enter the limited-access highway from the 22A interchange, and will do so even if the Scotch Hill exchange is constructed.

Arthur Goss, advanced planning engineer for the Vermont State Highway Department testified as to the following factors which are considered in the location of an interchange by stating:

"The traffic, anticipated traffic, the economics, the cost of various locations of construction, that is at various locations of interchanges, the future development of the area and the effect on the existing property are also considered."

■ The trial court was at liberty to accept this testimony and findings based thereon must stand, *Metcalf Co.* v. *Crossroads, Inc.,* 121 Vt. 147, 150, 151 A.2d 307.

Appellant's claim of error ignores other findings not excepted to, relative to the projected average daily traffic; that Scotch Hill Road exchange will be an access to the Lake Bomoseen recreational area; and that an interchange location is governed by traffic rather than population.

■ Against all this data in support of the finding, the appellant's bare assertion that commuters will use the 22A exchange instead of that on Dutton Avenue, is inadequate to overturn finding No. 15. *State Highway Board* v. *Hazen,* 126 Vt. 46, 51, 221 A.2d 579.

Next, appellant challenges finding No. 17 which states:

"That in the event the proposed highway and interchange were not constructed, present U.S. Route 4 would require extensive reconstruction."

■ Appellant claims that this finding is not supported by substantial evidence. On the contrary Mr. Goss testified that if traffic

continued on present Route 4 it would be a very low rated highway. A so-called sufficiency rating is used in determining a program for road construction. Further, that if present traffic is maintained on this route it would have to be reconstructed in order to establish suitable sufficiency ratings. The evidence reveals that traffic is heavy on present Route 4. It is also in bad condition. Without the Dutton Avenue Exchange traffic to and from Lake Bomoseen would be required to use a part of old Route 4. Finding No. 17 is amply supported by the evidence. Appellant's exception is of no avail.

Lastly, appellant assigns error to finding No. 21 which reads as follows:

"That it is reasonably necessary to acquire the land and rights set forth in the petition herein for highway purposes."

This concluding finding is in the nature of a conclusion of law and more appropriate for the judgment order. It having been briefed by the parties, we shall however comment on its merits.

In support of the claimed error to finding No. 21, appellant urges, (1) that the court failed to consider the convenience of the property owners on Dutton Avenue, and (2) that public safety being a critical element, there should be as few access roads as reasonably practical and necessary.

In our treatment of the first point, the transcript reveals that the appellant failed to show in what manner the project will be an inconvenience to her, or to the remaining owners of property on Dutton Avenue. No affirmative action was taken on her part to demonstrate this claim of inconvenience. There is actually very little land being taken on Dutton Avenue. This is not contradicted. No request for a finding relative to convenience was made by appellant. Moreover, the findings and facts reveal that the properties on Dutton Avenue would have a convenient and nearby access to Route 4 by reason of the proposed access thereto. It is apparent that the court considered and balanced the objections of the few owners against the public benefit of the proposed project. This was proper.

Appellant's second point concerns the factor of public safety. No one will deny the importance of highway safety. Limited-access facilities are designed to protect accident points in a highway, and provide for greater safety and efficiency of a highway.

In determining whether a reasonable necessity exists with respect to highways, public safety has become the critical element. *Latchis* v. *State Highway Board*, 120 Vt. 120, 125, 134 A.2d 191; *State Highway Board* v. *Coburn, et al.*, 125 Vt. 513, 219 A.2d 582.

It is the appellant's primary claim that it is impractical, inconvenient, and in derogation of public safety, and not reasonably necessary, to have three access roads in the small community of Fair Haven. Traffic conditions, present and prospective, as demonstrated by the record, reveal a contrary result. In face of this contention, Gordon Lane, highway design engineer for the Vermont State Highway Department testified that the geometrics of the proposed construction meets all the safety standards that are set up for interchanges and feeder roads, and designed to standards which are eligible for Federal Aid. The trial court was at liberty to accept Mr. Lane's testimony on the issue of public safety.

Lastly, appellant urges error on the part of the court by its failure to comply with certain requested findings. These relate to the following: that the heavily populated area of the Town of Fair Haven is approximately one square mile and lies southwesterly of the Dutton Avenue exchange; the proposed new Route 4 will be a limited access highway from the Town of West Rutland to the New York State line; and that the purpose of the limited access highway is to make the highway safer for the traveling public.

These requests further call attention to the existence of only one exit in a number of nearby towns.

To summarize the general theme of these requests, as well as appellant's case, is to the effect that three interchanges are not necessary for a community of the size and population of Fair Haven. Considering traffic and safety factors, the record reveals a contrary view. As further support of her claim, appellant asserts that there is no other community in the State, at least of comparable size and population, with three interchanges. This is immaterial. Each case must be judged on the facts, circumstances and requirements.

Also, plaintiff urges that the highway traffic safety was not adequately considered. On the contrary, the evidence and findings demonstrate that traffic service and safety standards, not population, were critical factors properly considered by the court below in its determination of the necessity issue.

■ It is a well-established rule that the party who alleges error has the burden of showing that he has been prejudiced thereby. *Loeb* v. *Loeb,* 118 Vt. 472, 490, 114 A.2d 518. Otherwise it is presumed to be harmless, if it is error at all. *State* v. *Fairbanks,* 101 Vt. 30, 34, 139 A. 918.

Appellant cannot prevail on the claimed shortages in the findings.

■ The record convinces us that it is reasonably necessary to acquire the land and rights here considered.

*Judgment affirmed.*

**Smith, J.,** sat but due to illness did not participate in the opinion.