# State Highway Board v. Mae Shepard et al

[ 253 A.2d 155 ]

February Term, 1969

Present: Holden, C.J., Shangraw, Barney, Keyser, JJ., and Daley, C. Supr. J.

Opinion Filed April 1, 1969

*James M. Jeffords,* Attorney General, *Louis P. Peck* and *Robert C. Schwartz,* Assistant Attorneys General, for the State Highway Board.

*Peter Forbes Langrock, Esq.,* and *Mark L. Sperry, Esq.,* for the Defendants.

**Keyser, J.** The State Highway Board brought its petition under 19 V.S.A. §224 for a determination of necessity for the acquisition of certain lands in the Town of Moretown in connection with its highway project on State Route 100B designated as Moretown S 0167(6). The lands to be taken include the property of James G. and Barbara B. Buckley, appellants herein. The court authorized by statute to hear such cases determined on its findings that necessity of the state required the taking of the lands described in the petition. Issuance of a judgment order followed from which said Buckleys appealed.

The appellants raise three questions which are grounded on the following rulings of the court:

    1. Denial of the right of appellants to propound interrogatories under 12 V.S.A. §1231.

    2. Refusal to grant continuance of the hearing.

    3. Exclusion of evidence to show the feasibility of improving Route 100 as an alternate project to that proposed in the petition on Route 100B.

The proposed project is for the improvement of a 1.439 mile segment of the state highway known as Route 100B. It is to be constructed to a safe speed of fifty miles per hour. This project is the southerly extension of two previous projects on Route 100B which have already been completed and is a part of an overall plan for the highway. The north end of Route 100B begins at its intersection with U.S. Route 2 in the Village of Middlesex and extends southerly to join State Route 100 in Waitsfield which runs southerly from U.S. 2 in Waterbury. Both Routes, 100B and 100, are accessible from Interstate Highway 89. Route 100B is one of the access highways to the ski areas which increases the traffic count to 1,630 vehicles a day

in the winter. In 1966 the average daily traffic count was 775 vehicles per day.

The appellants claim the court erred in denying them the right to propound interrogatories to the highway board. This right is controlled by 12 V.S.A. 1231 as follows:

"Any party to any.action pending in a county court, court of chancery or municipal court may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes. * * *"

In *Walker* v. *Walker,* 124 Vt. 176, 177, 200 A.2d 271, we held that under 12 V.S.A. §1231 the taking.of depositions in civil cases is expressly limited to causes pending in county court, court of chancery or municipal (now district) court, unless the parties stipulate otherwise, and no other can qualify. Furthermore, no right to take depositions existed at common law. *Reed* v. *Allen,* 121 Vt. 202, 206, 153 A.2d 74, 73 A.L.R.2d 1161.

In support of their claim of the right to propound interrogatories to the highway board, the appellants argue that the court authorized in 19 V.S.A. §227 to hear such cases is a county court within the meaning of 12 V.S.A. §1231.

When the highway board desires to take land or any rights therein for the purpose of a project similar to the one involved in this case, it is required to make a survey of the land to be taken or affected. 19 V.S.A. §223. Upon completion of such survey the highway board presents its petition to a superior judge setting forth what lands or rights are proposed to be taken, describing them, and annex a copy of the survey to the petition. The petition also must contain a request that the judge fix a time and place when he, or some other superior judge, will hear all parties concerned and determine whether such taking is necessary. 19 V.S.A. §224. The superior judge then must fix a time for hearing and if he is unable to hear the petition at the time set, the chief superior judge assigns another superior judge to hear the cause. 19 V.S.A. §225.

That part of 19. V.S.A. §227 relating to the hearing reads:

"(a) At the time and place appointed for the hearing, the court, consisting of the superior judge signing the order or such other superior judge as may be assigned and at least one of the

two assistant judges of the county in which the hearing is held shall hear all persons interested and wishing to be heard. If any person owning or having an interest in the land to be taken or affected appears and objects to the necessity of taking the land included within the survey or any part thereof, then the court shall require the state highway board to proceed with the introduction of evidence of the necessity of such taking. * * *"

There is no reference in the foregoing statutes to the county court or that such court shall take any part in the proceedings to determine necessity. The statutes specifically provide for a special tribunal to hear, determine and order necessity. The language used by the legislature is clear and positive as to its intent to create such tribunal.

■ Under the condemnation law before its revision in 1957, the question of necessity was determined by commissioners appointed by the court. Under the new law this function of the commissioners was committed directly to a court constituted as set forth in 19 V.S.A. §227. The questions of necessity and damages to the land owner are separate and distinct hearings, the latter only being for resolution in county court. *State Highway Board* v. *Loomis,* 122 Vt. 125, 130, 165 A.2d 572.

■ While the special tribunal is a court, the proceeding is not subject to the procedural devices permitted in a civil action in county court. Although the appellants argue to the contrary, litigation in an adversary sense is not involved in a necessity hearing. The proceedings are in rem. *City of Winooski* v. *State Highway Board,* 124 Vt. 496, 498, 207 A.2d 255. Such proceedings raise a public rather than a private issue between the highway board and land owners. The board's decision on the question of necessity is essentially administrative, not judicial, its final adjudication being "reserved to the special statutory tribunal." *State Highway Board* v. *Coburn,* 125 Vt. 513, 519, 219 A.2d 582, 587.

■ The ruling of the court below denying the right to appellants to propound interrogatories is without error.

The appellants next claim that the court committed error in refusing to grant its motion for a continuance. The court ruled on the motion both as a matter of discretion and a matter of law.

The petition was served on the appellants June 18, 1968. The attorney for the appellants entered his appearance and filed an answer on July 19. The interrogatories filed on July 15 were received by the state on July 16. On the same day the state filed its motion objecting thereto.

Appellant's motion for a continuance was filed July 18, the basis of which was that the highway board had indicated that it needed more time to answer the interrogatories. On July 22, the date fixed by the superior judge for hearing the case, the court sustained the objection to the interrogatories and denied the appellants' motion for a continuance. Their attorney then moved orally for a continuance. The appellants state in their brief the reason was "so that at the least the defendant could have more time to prepare, such time to include at least an opportunity for counsel to confer with the highway department, and for counsel to digest any information made available."

The correctness of the courts ruling on the first motion for continuance is not denied but is as to the oral motion. The appellants argue that the denial of its motion for more time to prepare denies their constitutional right of time to prepare their case and that the action of the court was an abuse of its discretion. The appellants contend that they had a *bona fide* defense to the necessity claim of the state. Briefly, this was that the improvement should be on Route 100 and Route 100B left as it is.

The appellants had thirty-three days (33) from the date of service to the date of hearing within which to prepare their case and any defense they had to the question of necessity. This gave them ample time to confer with the highway department and prepare for hearing. Moreover, knowledge of the proposed project was available to the appellants even before the land to be taken was surveyed and the petition brought.

Section 222(a) and (c) of 19 V.S.A. makes it mandatory that before arriving at its judgment concerning a highway project, the board conduct a public hearing after giving publicity to the proposed project and a notice of at least thirty days to all persons affected. The purpose of this hearing is to give persons interested the opportunity to make suggestions and recommendations and to inform the highway board of objections to the project. *State Highway Board* v. *Coburn, supra,* at 519, 219 A.2d 582.

530

■ The record does not show whether the appellants attended the public hearing held on the project in question or that they took any action after the proposed project came to their knowledge. In any event, this court, nothing appearing to the contrary, will presume that public officers have properly discharged the duties of their office and have faithfully performed those matters with which they are charged. *State Highway Board* v. *Coburn, supra,* at 517, 219 A.2d 582. We can only conclude from the record that the board held such hearing and gave due notice to the appellants. Attendance at that public hearing would have granted the very right to the appellants which they now complain was denied them by the court.

■■ The record fails to show that appellants have established the required essentials of the test that the court abused its discretion in overruling the request for a continuance. *John* v. *Fernandez,* 124 Vt. 346, 348-349, 205 A.2d 552. Moreover, the denial of appellants' request for a continuance was correct as a matter of law.

The appellants claim the court erroneously excluded evidence of the feasible alternate route to the Route 100B improvement. In making their offer appellants said:

"Now we are trying to find out whether it would be more feasible to improve Route #100 and draw off the traffic that goes up #100B and leave it the way it is, or whether #100B is sufficiently developed now so to handle the traffic that comes up to the interstate. We would like to go into the nature of Route #100." The appellants argue that since each highway (100 and 100B) come to nearly the same point, it is unnecessary to improve both into "superhighways."

■ The appellants state in their brief that they are arguing for the right to offer evidence upon the overall plan of the state for the highways in Moretown, Waterbury, Montpelier area as a whole, so as to show that certain major improvements are necessary, but some are not, and exclusion of evidence of this issue was error. The statutes grant no such right either to the appellants or to the courts of this state.

The appellants misconstrue, or misunderstand, the statutes referred to *supra* which define the duties of the state highway board and the authority of the court in such cases. The legislature has vested a broad discretion in the highway board in its selection of a route to be fol-

lowed where alternate routes are available. *State Highway Board* v. *Coburn, supra,* at 517, 219 A.2d 582.

In *State Highway Board* v. *Loomis, supra,* 1960) at pages 130, 131, 165 A.2d 572, Justice Barney discussed the authority of the court under the highway condemnation law as it existed prior to and after it was revised by the new law passed by the legislature in 1957. He wrote at page 131, 165 A.2d at page 576: "Under the present legislation the court's authority operates not on the projected line or location of the highway itself but only on the land taking proposed." Again at page 132, 165 A.2d at page 576 he said: "This evidences an intent by the Legislature to limit the duty of the court hearing the petition to a determination of whether or not the test of necessity is met on the line and for the taking proposed by the highway board, with the power to modify or alter having reference to the extent of land taking required under the petition."

Thus, the court distinctly was without any authority to consider Route 100 as a feasible alternate Route to 100B. The court properly denied as a matter of law the appellants' motion for a continuance so that they could develop their proposed defense. Likewise, it properly excluded appellants' offered evidence relating to such defense. The highway condemnation statutes on which the *Loomis* case, *supra,* rests clearly foreclosed the appellants from raising the defense attempted.

The finding of necessity is well supported by the evidence and the judgment order is without error.

*Judgment affirmed.*