### State Highway Board v. John R. Erickson, et al.

[336 A.2d 206]

No. 136-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed April 3, 1975

*M. Jerome Diamond,* Attorney General, *Robert C. Schwartz,* Assistant Attorney General and *Richard M. Finn,* Assistant Attorney General, Montpelier, for Plaintiff.

*Anthony F. Abatiell,* Rutland, for Town of Rutland, and Robert, William and Mary Sharp.

*Alan B. George,* Rutland, for First Vermont Bank & Trust Company, H. Edward Dyer, collectively referred to as the Dyer Estate.

*Theodore Corsones,* Rutland, for Town of Mendon.

*H. Vaughan Griffin, Jr.,* Rutland, for Herman W. Vaughan, Sr., Trustee.

*John J. Welch, Jr.,* Rutland, for Anthony Belock.

**Barney, C.J.** The City of Rutland is badly in need of relief from traffic congestion because it is a busy community at the intersection of U.S. Route 4 and 7. There is no disagreement as to that need. It is tragic that it must be delayed. This is especially true in the presence of an undisputed finding that, "It is necessary to remove traffic from the Rutland City streets to increase the safety there."

The Legislature has already recognized this and has ordered action. No. 379 of the Public Acts of 1967 (Adj. Sess.) provides in section 1(6):

> The preparation of plans for belt-line highways at Rutland and Bennington is to proceed at once so as to permit their construction simultaneously with the program in section 1(4) above, to the extent that funds permit or become available, otherwise following the completion of the program in section 1(4) above.

Proceedings began at least as early as 1969. In June of that year, the public hearing pursuant to 19 V.S.A. § 222 (known as the "222 hearing") was held. This hearing is designed to acquaint the community and affected property owners generally with a rough picture of the proposed highway project. *State Highway Board* v. *Hazen,* 126 Vt. 46, 49, 221 A.2d 579 (1966). The matter reached more concrete

form with the commencement, in May, 1973, of the "necessity" hearings, brought pursuant to 19 V.S.A. § 227(a).

The hearings took thirty-three days, culminating in the order on appeal here. All three members of the court (see 19 V.S.A. § 227(a)) agreed on the facts stated in the findings, consisting of one hundred forty-three separate findings. The two assistant judges made four additional findings, not concurred in by the superior judge, and, as a majority, denied the Highway Board's petition over the dissent of the superior judge. The majority then went on to issue an order denying the petition of the State Highway Board.

The provisions of 19 V.S.A. § 227(a), under which the hearing was held, read as follows:

> At the time and place appointed for the hearing, the court, consisting of the superior judge signing the order or such other superior judge as may be assigned and at least one of the two assistant judges of the county in which the hearing is held shall hear all persons interested and wishing to be heard. If any person owning or having an interest in the land to be taken or affected appears and objects to the necessity of taking the land included within the survey or any part thereof, then the court shall require the state highway board to proceed with the introduction of evidence of the necessity of such taking. The burden of proof of the necessity of the taking shall be upon the highway board and shall be established by a fair preponderance of the evidence, and the exercise of reasonable discretion upon the part of the highway board shall not be presumed. The court may cite in additional parties including other property owners whose interest may be concerned or affected and shall cause to be notified the legislative body of all adjoining cities, towns, villages, or other municipal corporations affected by any taking of land or interest therein based on any ultimate order of said court. Said court shall make findings of fact and file the same and any party in interest may appeal under the rules of appellate procedure promulgated by the supreme court. The court shall, by its order, determine whether the necessity of the state requires the taking of such land and rights as set forth in the petition and may find from the

evidence that another route or routes are preferable in which case the board shall proceed in accordance with section 222 of this title and this section and may modify or alter the proposed taking in such respects as to the court may seem proper.

The crucial concern of this sort of hearing is with "necessity". The statute makes repeated reference to it. Implicit in its use are two kinds of necessitous concern. The first, directly spoken of, is the necessity that particular parcels of land are required for the construction of a new highway. The second, seldom challenged, and presumptively part of the justification for condemnation of lands for highway purposes, is the need or "necessity" for the new highway itself. The facts that generate justification for taking lands almost invariably also develop the need for the new highway.

In this case, the highway need cries out from the indisputable facts. The findings point out that present U.S. Route 4 proceeds through downtown Rutland, a highly congested area, carrying more traffic than it was designed for. It is found to be necessary to remove traffic from city streets to increase safety there. Safety is a crucial goal of highway construction of the sort planned here. *State Highway Board* v. *Pratt*, 127 Vt. 385, 393, 250 A.2d 726 (1969).

The participation of the tribunal in the planning process has been enlarged by the change in 19 V.S.A. § 227(a), by section 2, No. 233 of the Public Acts of 1961. Before that time, the initiative of the trial court to consider alternative routes was limited as set out in *State Highway Board* v. *Loomis*, 122 Vt. 125, 131–32, 165 A.2d 572 (1960).

This enlarged authority to consider alternative routes carries with it a correspondingly increased responsibility. 19 V.S.A. § 227(a) indicates that the court may direct the Board to begin again with a new "222" hearing if another route or routes are found preferable from the facts before the court.

This duty cannot be lightly cast aside in the presence of a compelling need for some new highway. It is declared legislative policy and public will that the preferable route be searched out. The Highway Board cannot confine the court to its options, under this law, and, equally, the court cannot fore-

close the Highway Board from its duty to solve the vexing question of highway safety by adjudicating a proposal unsatisfactory or inadequate, without at least giving consideration to alternatives appearing feasible. The legal dangers of prematurely declaring a route unworthy of a supporting judgment are clear—the public may thereby be foreclosed from the only practical traffic solution that uses all or part of the rejected route.

From the findings of fact, it appears that a number of alternative routes were before the trial court. One or more of them seemed to have been more highly thought of than the Highway Department's preferred solution, and one of them, if supported upon further development, seems to have been viewed as acceptable.

Upon this state of the facts, it was clearly the legal duty of the court to allow the Highway Board to present further evidence in support of its position, and, if necessary, direct it to make further evidentiary development and presentation in connection with alternative routes, or combination of routes, that appear to meet the test of reasonable necessity. *State Highway Board* v. *Jackson,* 129 Vt. 288, 297, 292 A.2d 245 (1971).

Both the statute and the special mandate of the resolution by the Legislature, previously noted, require this. To freeze the proceedings into an insoluble posture by a binding dismissal in the face of a demonstrated safety need and a clear legal directive is error. The function of the court is to understand and carry out the policies of the law established by the Legislature. That was not done in this case, and the cause must be remanded so that an acceptable, viable, and reasonable solution to the problem under consideration may be arrived at, if possible.

*Judgment reversed and cause remanded.*