### State Transportation Board v. Olive M. May, et al.

[403 A.2d 267]

No. 265-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 5, 1979

*M. Jerome Diamond,* Attorney General, and *Robert C. Schwartz* and *Thomas A. McCormick,* Assistant Attorneys General, Montpelier, for Petitioner.

*French & Zwicker* and *Edward A. John,* Brattleboro, for Respondents.

 Daley, J. The plaintiff appeals from a decision dismissing its petition to condemn approximately one acre of land in the Town of Wilmington for the purpose of relocating, widening, and improving Route 100. Hearings were held in accordance with the provisions of 19 V.S.A. § 227(a) by a statutory tribunal consisting of a superior judge and the two assistant judges of the Windham Superior Court. Under this section, the tribunal, referred to in the statute as the court, is required to hear all interested persons who object to the taking. The province of the court is set out in 19 V.S.A. § 227(a):

> The court shall, by its order, determine whether the necessity of the state requires the taking of such land and rights as set forth in the petition and may find from the evidence that another route or routes are preferable in which case the board shall proceed in accordance with section 222 of this title and this section and may modify or alter the proposed taking in such respects as to the court may seem proper.

Under § 227, the duty of the court hearing the petition is limited to a determination of whether the test of necessity is met on the line (or location of the highway) and for the taking proposed by the board. The power to modify or alter refers to the extent of land taking required under the petition. *State Highway Board v. Loomis,* 122 Vt. 125, 132, 165 A.2d 572, 576 (1960). The power to alter or modify a proposed taking is granted so that, if presented with a valid and necessitous proposal that includes some unjustified taking, the court is not required to accept the board's petition in its exact form. *Id.* at 132, 165 A.2d at 577. If it finds another route preferable, it may direct the board to begin again with another § 222 hearing. *State Highway Board v. Erickson,* 133 Vt. 305, 308, 336 A.2d 206, 208 (1975).

 The crucial concern in the hearing is "necessity." It is defined in 19 V.S.A. § 221(1). " 'Necessity' shall mean a reasonable need which considers the greatest public good and the least inconvenience and expense to the condemning party

and to the property owner." The criteria to be considered in a determination of necessity are included in § 221(1) and will not be repeated here. It is sufficient to note that the plaintiff presented evidence upon each criterion. Implicit in the statutory use of the term are two kinds of necessitous concern. The first, directly spoken of, is the necessity that particular parcels of land are required for the construction of a new highway. The second, seldom challenged, and presumptively part of the justification for condemnation of lands for highway purposes, is the need or necessity for the new highway itself. The facts that generate justification for the taking of lands almost invariably also develop the need for a new highway. *State Highway Board* v. *Erickson, supra,* 133 Vt. at 308, 336 A.2d at 207–08.

In determining whether a reasonable necessity exists with respect to highways, public safety has become the critical element. Where the volume and nature of traffic is such that public safety requires under the circumstances that the road be constructed, or reconstructed, at a given location, a reasonable necessity exists and a taking of land is justified, if reasonable in the light of all the concurring circumstances. Under our statute, a broad discretion has been vested in the board in determining what land it deems necessary for the particular location and route to be followed. A determination made agreeably to the statute will not be interfered with by the courts if it is made in good faith and is not capricious or wantonly injurious. *Latchis* v. *State Highway Board,* 120 Vt. 120, 125, 134 A.2d 191, 195 (1957).

A court proceeding under § 227(a) has the following choices: (1) deny the petition if it cannot find necessity; (2) grant the petition if necessity is found; (3) modify or alter the proposed taking, if necessity is found but some unjustified taking is included in the petition; or (4) direct the board to hold § 222 hearings, if from the evidence it determines an alternate route (or routes) is preferable.

In this case, the court concluded that the taking of all the rights and easements set forth in the petition was not required. It did not alter or modify the taking. Rather, it dismissed the petition, without prejudice to the petitioner to file a new petition setting forth a modified taking with respect

to the same location. The plaintiff claims that, because of inconsistent findings, the conclusion and order of the court are not supported, and that the court lacked authority to reject the board's design and, impliedly, to direct it to substitute another. We agree with the plaintiff on both points.

The court's first four findings establish the following: The proposed condemnation was for the purpose of straightening, leveling and widening the road and shoulders at a curve known as May's Curve. From 1973 to 1977, there were fifteen accidents at the curve. The curve does not meet state highway safety standards for the volume of traffic that it carries. The project would increase the line of sight, eliminate reverse curves, widen the shoulders and road, reduce snow removal and icing problems and smooth out a roller coaster effect.

The court then found as follows: If the curve is straightened, vehicular speed is likely to increase, causing a greater safety hazard for local children, pedestrians and traffic. Elimination of the reverse curves, so as to permit greater speed, is not a desirable objective at this location. The road and shoulder width could be increased slightly, and the roller coaster effect corrected, without a taking other than the May barn and sheds a few feet east of the highway. All of the safety objectives, except the elimination of the reverse curves, can be achieved to a somewhat lesser degree without taking land on the west side of the highway.

The first four findings are inconsistent with the remaining findings and with the court's order. They establish the "necessity" required by the statute and support a conclusion and order in favor of the plaintiff. The court's order, however, dismisses the petition. By so doing the court, in effect, attempted to compel the plaintiff to redesign the highway. The remaining findings were offered to support that attempt. Redesign of the highway is not, however, a "modification" or "alteration" permitted by statute.

Under the statutory scheme, it is the prerogative of the state transportation board to design highways and to take lands, where the necessity for the same has been established. Here, the plaintiff established the necessity, but the court rejected the design. In so doing, it invaded the province

assigned to the transportation board. As stated by then Justice Barney, in *State Highway Board* v. *Loomis, supra,* 122 Vt. at 132, 165 A.2d at 577:

> The judicial process is far better adapted to reviewing the fairness and propriety of proposals than to initiating projects for action by other agencies. This is particularly true of matters such as proposed highway construction involving complex surveys and research of a highly technical engineering nature. It is one thing to review such engineering proposals, weighing them against statutory standards; it is quite another to create such proposals from information adduced during a court proceeding from the testimony of witnesses, however well-informed.

Since the conclusion and order of the court are not supported, and are erroneous in both respects as claimed by the plaintiff, ordinarily we would reverse and remand the cause for a new hearing. However, the court's first four findings, which are supportable in fact and law require a conclusion that the plaintiff has met the burden of necessity. Judgment in its favor is therefore warranted. As was stated by then Justice Shangraw:

> [A] retrial, and a rehash of what is likely to be, at least in substance, the same evidence now present in the case, is not justified, and will not be conducive to the public interest. The parties have had their day in court.

*State Highway Board* v. *Jackson,* 128 Vt. 17, 26, 258 A.2d 575, 581 (1969) (Shangraw, J., dissenting in part).

For this reason we will strike the court's conclusion and vacate the order. The cause will be remanded to the court for the entry of a new judgment order in favor of the plaintiff. See *State Highway Board* v. *Loomis, supra,* 122 Vt. at 134, 165 A.2d at 578.

*Judgment vacated and cause remanded for entry of an order in favor of the plaintiff.*