# State Transportation Board v. AIG Realty, Inc., et al.

[413 A.2d 810]

No. 227-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 8, 1980

*M. Jerome Diamond,* Attorney General, and *Thomas A. McCormick,* Assistant Attorney General, Montpelier, for Plaintiff.

*Joseph C. Palmisano,* Barre, for Defendant.

Larrow, J. This is an appeal by Leona W. Cody, Trustee, one of the affected landowners, from a determination by the Washington Superior Court. The superior court, sitting as the special court constituted by 19 V.S.A. § 227, held that the taking of lands and a construction easement in the Town of Berlin for limited access highway facilities was reasonably necessary. The appellant contends that the findings and con-

clusions of the trial court are not adequately supported by the evidence.

The property in question is adjacent to the Berlin State Highway, and northeasterly of its intersection with U.S. Route 302. The reason for the acquisition is the proposed construction of an "arrester bed" or traffic escape ramp to prevent runaway trucks, proceeding easterly on the Berlin State Highway, from endangering other traffic thereon and on U.S. Route 302. At some points on the Berlin State Highway the grades are as much as nine percent, and eight serious accidents involving out-of-control trucks have occurred at this location within the past five years, an unusually high number of this type of accident. Presently, as a temporary measure, the highway has been posted for a weight limit of 24,000 pounds, and trucks in excess of that weight must travel six to eight additional miles through Barre or Montpelier to reach the intersection in question.

The proposed project would have a 481 foot paved surface leading from the right downhill lane to a 20 foot wide arrester bed with a pea gravel surface three feet deep and 875 feet long. In the last 225 feet, the bed would have berms of pea gravel two feet high and 25 feet apart. The bed is designed for a maximum entry speed of 80 m.p.h., and will stop a vehicle weighing 80,000 pounds, entering at 50 m.p.h., within 400 feet. Its estimated cost is $186,600, of which $78,000 is the estimated cost of the right of way.

The appellant has not briefed the standard to be applied in testing the findings and conclusions of the trial court. The appellee has urged upon us both the "clearly erroneous" standard specified by V.R.C.P. 52(a), and our common law rule that lower court findings must stand if there is any evidence fairly and reasonably tending to support them. *Everlasting Memorial Works* v. *Huyck Monument Works*, 128 Vt. 103, 104, 258 A.2d 845, 846 (1969); *Leno* v. *Meunier*, 125 Vt. 30, 34, 209 A.2d 485, 489 (1965). As we pointed out in *Green Mountain Marble Co.* v. *State Highway Board*, 130 Vt. 455, 457, 296 A.2d 198, 200 (1972), the tests are essentially similar. It is not, therefore, necessary to consider the effect of *State Highway Board* v. *Shepard*, 127 Vt. 525, 528, 253 A.2d 155, 158 (1969), holding that the special tribunal here appealed from is not subject to the "procedural devices" per-

mitted in a civil action. Under either phraseology, the result is the same, and an examination of the record convinces us that the required statutory findings were made to justify a conclusion of reasonable necessity, and that these findings were fairly and reasonably supported by the evidence. In fact, the appellant does not question the adequacy of the findings to comply with the provisions of the governing statute, 19 V.S.A. § 221(1), but limits her claims of error to the conclusions. The evidence, she claims, shows the proposed project to be unnecessary, expensive, and not calculated to remedy the existing problem.

██ In general, these arguments are more properly advanced to the trier of the facts, rather than to the appellate tribunal reviewing the trier's findings and conclusions. These were made, it is true, in the face of conflicting evidence, but they are fairly and reasonably supported by the evidence presented by the appellee Board. As we have most recently pointed out in *State Transportation Board* v. *May*, 137 Vt. 320, 323, 403 A.2d 267, 269 (1979), public safety has become the critical element in a determination of reasonable necessity, and broad discretion is vested in the Transportation Board (formerly the Highway Board). The evidence showed this location to have been designated as a high-hazard location, a designation approved by the Federal Highway Administration. Appellant's point that the accident rate on this highway is below the general state average is not well taken, in light of the very serious hazard created by heavily loaded trucks out of control and headed for an extremely busy intersection. The serious nature of the accidents to be prevented is more important than a statistic based upon numbers alone.

Likewise unconvincing is appellant's argument that restricting the weight of vehicles upon the highway in question is an adequate solution, with zero costs to the taxpayer. Carried to its logical conclusion, this argument would preclude the improvement of any highway when an alternate route was available. The requirement of additional travel by trucks results in increased costs of shipping, eventually passed on to the consumer, who is of course a taxpayer. Various alternatives to the proposed construction of an arrester bed were considered and rejected, for valid reasons as found by the court, and this

conclusion is not here challenged except for weight limitation posting. Restoration of the road in question to full traffic service is a legitimate consideration. *State Highway Board* v. *Pratt,* 127 Vt. 385, 393, 250 A.2d 726, 731 (1969).

Appellant quarrels also with the cost of land acquisition as found by the court, pointing out that her property alone (one of two involved) was appraised some three years before at $160,000. Only about half of her property is to be acquired, however, and evidence on the acquisition cost was again in conflict. A competent witness for the Board gave a general estimate of damage, which the court adopted. This was all that was required to support the finding. *Id.* at 390, 250 A.2d at 730. Moreover, the governing statute, 19 V.S.A. § 221(1), expressly provides that necessity shall not be measured merely by expense or convenience to the condemning party.

Appellant's last argument is to the general effect that the present weight posting is a more effective method of accident prevention than the escape ramp proposed by the Board. If the weight limit were abided by, this would undoubtedly be true. But again, carried to its logical conclusion, this type of argument would preclude improvements on many stretches of our highways. The argument runs more to an assumed need for a showing of absolute necessity, rather than of the reasonable necessity called for by the statute.

We are convinced that the record fully supports the conclusion of reasonable necessity arrived at by the trial court.

*Judgment affirmed.*