ALBERT LONGCHAMP *v.* JOSEPH CONTI.

(66 A2d 1)

February Term, 1949.

Present: SHERBURNE, JEFFORDS, CLEARY and ADAMS, JJ., and BLACK, Supr. J.

Opinion filed May 3, 1949.

*Finn & Monti* for the defendant.

*Abare & Sargent* for the plaintiff.

SHERBURNE, J. This action grows out of an automobile collision at or near the intersection of Seminary and North Main Streets in the City of Barre. The findings show the following facts: The plaintiff's car was being operated by his son, and the plaintiff was a passenger therein and could have directed the operation of the car had he considered it necessary. The defendant was driving his car southerly on the right hand side of South Main Street at a moderate speed of 15 to 20 miles per hour, and was approaching the intersection from plaintiff's right. Plaintiff's car, proceeding at a moderate speed, came from its left side of Seminary Street, crossed South Main Street, and was parallel with, and on the right hand side thereof, proceeding southerly, when its right rear end was struck by the left front end of defendant's car.

Under his exception to the judgment for the plaintiff the defendant questions the sufficiency of the findings to support the judgment. He points out that there is no finding that the defendant was guilty of any act or omission that proximately caused the accident, and that there is no finding that the plaintiff was free from contributory negligence, and insists that these essential facts cannot be fairly inferred from the facts found.

■ The burden of showing that the defendant was guilty of some negligent act or omission that proximately caused the accident was upon the plaintiff. The burden of showing freedom from contributory negligence was also upon the plaintiff. *Wright* v. *Godin*, 108 Vt 23, 182 A 189, and cases cited.

■ We must assume in favor of the judgment that the trial court inferred such facts from the other facts certified as it ought to have done, or might fairly have done. *State* v. *Malmquist*, 114 Vt 96, 107, 40 A2d 534; *Labor* v. *Carpenter*, 102 Vt 418, 422, 148 A 867. But we cannot supply the omission of an essential fact which is not fairly inferable as resulting from the facts as found. *Wright* v. *Godin, supra; State* v. *Malmquist, supra.*

■ The plaintiff says that the circumstances of the collision

indicate careless conduct on the part of the defendant in overtaking another vehicle, by either failing to have his car under control or not keeping a proper outlook for others using the highway. As well might it be said that the accident happened because the driver of the plaintiff's car failed to yield the right of way, pursuant to V. S. 10219, sub-div. II, rev. of 1947, and that he negligently drove in front of the defendant. Undoubtedly one of the two drivers was guilty of some negligent act or omission resulting in the accident, and possibly both were, but the findings do not afford a sufficient basis for the trial court to have fairly inferred that the defendant was at all so guilty or that the plaintiff was free from contributory negligence; they merely afford a basis for speculation.

██ The judgment of the trial court must be reversed, but we will not render final judgment here, as we think the case should be remanded for a new trial. Enough has appeared in the record to justify the belief that upon another trial, with more detailed and adequate findings of fact, the case may be presented in such a manner that the rights of the parties may be understandingly adjudicated upon the merits. *Wright* v. *Godin, supra; Hammonds Inc.* v. *Flanders,* 109 Vt 78, 83, 191 A 925.

*Judgment reversed, and cause remanded.*