## L. Russell Murray et al v. Rudolph Webster et al

[186 A.2d 89]

September Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed November 7, 1962

*Richard E. Davis* and *Stephen B. Martin* for the plaintiffs.

*Monti, Eldredge, Calhoun & Free* for the defendants.

**Holden, J.** This is an action of ejectment. The land in dispute is situated in the community of South Barre. It is on the site of an abandoned highway known as Railroad Depot Street. This street extended to the west at right angles from the Barre-Williamstown road and served to connect that highway with the facilities of the Montpelier & White River Railroad. The railroad right of way extended in a generally north and south line, parallel to the Barre-Williamstown highway. Railroad Depot Street formed a cross line between the railroad and the highway in the fashion of the horizontal

line of the letter H. The plaintiffs are the owners of the fee immediately to the north of the street which lies between the old railroad bed and the Barre-Williamstown highway.

Apparently Railroad Depot Street had not been used for public travel for an extended period of time prior to this litigation, for it came about that a building was erected on that portion which lies north of the centerline of the street. The findings of the trial court report this structure is wooden and its dimensions are fifteen by twenty-three feet. It was formerly used as a public library and later as a filling station. It was owned by Mattie W. Gorman.

Prior to October 14, 1957 the building was unoccupied. The defendants moved into the property on that date. It is also reported in the findings that three days later, on October 17, 1957 the defendants obtained written permission from the selectmen of Barre to occupy the premises until June 20, 1958, for the purpose of repairing, maintaining and bracing the building, and preparing it for moving. The defendants did not quit their occupancy of the premises on June 20, 1958, as agreed, but remained in possession to the time of this trial. In June 1959, the defendants received a bill of sale of the filling station building from Mattie W. Gorman, although the instrument was not recorded until April 25, 1960.

On November 19, 1959, the selectmen of Barre, acting under the statutory authority contained in 19 V.S.A. §535, formally discontinued Railroad Depot Street as a public highway. They set out the lands which comprised the discontinued highway to the plaintiffs as adjoining owners on the north. The land south of the centerline of the street was set out to Helge and Doris Carlson as the owners adjoining the street on the south.

After the discontinuance proceedings were ended, the defendants obtained a warranty deed of the property from Mattie W. Gorman. The instrument is dated May 29, 1961.

On these facts the trial court entered judgment for the plaintiffs. The defendants appeal. The principal and controlling question is the validity of the discontinuance proceedings and the order of the selectmen that followed. It is on this action by the town that the strength of the plaintiffs' title depends.

Since this is the determining factor, the trial court should have set forth the official report of the selectmen's proceedings in the

findings, rather than merely incorporating it by reference. See *Peerless Casualty Company* v. *Cole,* 121 Vt. 258, 261, 155 A.2d 866; *Enosburg Falls* v. *Hartford Steam Boiler Inspection and Insurance Co.,* 117 Vt. 114, 117, 85 A.2d 577. However, the findings must stand if there is any evidence fairly and reasonably tending to support them. 12 V.S.A. §2385; *Bressette* v. *Knapp,* 121 Vt. 376, 378, 159 A.2d 329; *Appliance Acceptance Company* v. *Stevens,* 121 Vt. 484, 488, 120 A.2d 888. This calls upon us to relate the record of the action taken to the statute which confers the authority to discontinue the established highways of a town.

The applicable provisions are found in 19 V.S.A. §§531 and 535:

> "The selectmen may discontinue a highway or bridge wholly within the town unless it shall be made to appear that the same was originally laid out under the authority of the county or supreme court. The selectmen, before discontinuing a highway or bridge, shall appoint a time for examining the premises and hearing the parties interested. They shall give notice thereof by posting notice in two or more public places in the town of the time and place of such hearing and shall give at least twelve days' notice in writing of the time and place of hearing to all persons owning or interested in land abutting such highway or bridge, such notice to be by registered mail to the last known address of such person . . ." 19 V.S.A. §531.

Railroad Depot Street was originally laid out by the selectmen of Barre as a town highway in September 1888. It appears to lie wholly within the town of Barre. It "was opened for travel at South Barre" for the purpose of providing access from the existing highway to and from the station on the Montpelier & White River Railroad.

The town record of "The Selectmen's Report on the Discontinuance of Railroad Depot Street Located at South Barre" was received as an exhibit in the case. It establishes that the hour of eleven in the forenoon of November 6, 1959, was appointed for examining the premises and hearing persons interested and considering claims for damages, if any. It appears the selectmen examined the town land records and made further inquiry to ascertain the persons owning or interested in lands abutting Railroad Depot Street. They found the

plaintiffs Murray, Helge and Doris Carlson, Wallace and Euna Persons and the Peoples National Bank of Barre "were the only persons so owning or interested." On October 23, 1959 the selectmen posted notice of the hearing in the town clerk's office and on the bulletin board in the United States Post Office at South Barre. And they caused the notice of hearing to be published on October 24, 1959 in the *Times-Argus,* a local newspaper having general circulation in the town.

The record shows that the selectmen met according to the appointment of their notice, examined the premises and heard the parties interested. It was then adjudged that the public good required the discontinuance of Railroad Depot Street as a public highway.

The selectmen made a determination of the limits of the discontinued highway and described the parcel by metes and bounds and attached a plan of the location to their report. The plan was filed with the report in the office of the town clerk.

· The report also sets forth that the selectmen found the plaintiffs were the adjoining landowners on the northerly side of the discontinued highway and Helge and Doris Carlson were the adjoining owners on the south side of Railroad Depot Street. Acting under the provisions of 19 V.S.A. §535, the northerly half of the street was ordered set over to the plaintiffs. The portion south of the center line of the highway was ordered transferred to the Carlsons.

19 V.S.A. §535 provides: when a highway is discontinued, it shall be set and belong to the owners of the adjoining lands; if it is located between the lands of two different owners, it shall be set to the lots to which it originally belonged, if they can be ascertained; if not, it shall be equally divided between the owners of the lands on each side.

At the outset, the defendant excepts to the failure of the court below to make a specific finding to the effect that the defendants did not receive notice of the discontinuance proceedings. There is nothing in the evidence to substantiate such a finding. The defendants offered no evidence on the question of notice. If it is their complaint that the record of the selectmen fails to affirmatively indicate that they received notice by registered mail, the contention is without merit.

The statute requires that such notice be given "to persons owning or interested in land abutting such highway." They urge that the highway that was discontinued was, in fact, a part of the Barre-Wil-

liamstown Road. Since lands they occupy adjoin this route, they contend they are adjoining owners, entitled to special notice under the statute.

The defendants, it seems, would have us believe that Railroad Depot Street was laid out as a part of a widening project related to the main highway from Barre to Williamstown. The contention is disputed by the record of the laying out of this street in 1888. The freeholders called upon the selectmen to survey and open for travel the proposed highway to provide access to the railroad station. ˆ There is no reference to widening the existing road from Barre to Williamstown. It is clear it was mentioned only as the starting point of the street proposed. We can reach no conclusion other than that Railroad Depot Street was established as a separate and independent town highway.

■ The defendants' original occupancy of this land was maintained with the town's permission and written license for the purpose of preparing the filling station building for moving off the right of way. When the discontinuance proceedings were undertaken, the defendants had no color of title to the land, apart from the building, and their license from the town had expired the previous year. Their continued occupancy, after the expiration of the license, left them with no better standing than that of trespassers. See *Powers* v. *Trustees of Caledonia County Grammar School*, 93 Vt. 220, 239, 106 Atl. 836; *Dickerman* v. *Town of Pittsford*, 116 Vt. 563, 567, 80 A.2d 529; 53 C.J.S. Licenses, §95, p. 821. Any inquiry by the selectmen, indicated by reason of the defendants' possession of the premises at that time, would have revealed no legitimate interest or title in the defendants which would have entitled them to special notice under the statute.

■ Thus, if it can be said that the defendants' occupancy of the land was sufficient to put the town on inquiry, the selectmen can be chargeable with notice of only such facts which inquiry would have disclosed. *Tomasi* v. *Kelley*, 100 Vt. 318, 323, 137 Atl. 196; *Quinn* v. *Valiquette*, 80 Vt. 434, 447, 68 Atl. 515, 14 L.R.A., N.S. 962. An inquiry on November 19, 1959 would have revealed nothing other than what the selectmen already knew—that the defendants had no interest in the land apart from the building, that the license given by

the selectmen had expired and the defendants were then on the right of way as trespassers.

In a supplemental brief, the defendants direct our attention to the record of the original condemnation proceedings, wherein it appears Railroad Depot Street was originally taken from lands of L. W. Scott. The defendants argue that the discontinuance proceedings are fatally defective by reason of the selectmen's failure to report that the Scott heirs could not be ascertained. Conversely, it is urged that if these persons could have been located, it was a fatal defect to fail to give them special notification specified in the statute.

Of course, if the legal descendants of the original owner of the fee have a legal interest in the highway land they were entitled to notice of the discontinuance proceedings. The sense of 19 V.S.A. §535 is that the land where the highway was maintained shall belong to the owner of the lands on both sides of the highway if they are held by a common owner. If they are held by different owners, they shall belong to the lot from which they were originally taken, if that fact can be determined, otherwise it shall be divided equally, with half to each abutting ownership. The situation which might develop if the fee of the highway was vested in a stranger to the adjoining lands is not provided for. Such a circumstance would be rare indeed, for it would require an express exclusion of the highway area from any grant by the original owner of the parent parcel. *Marsh* v. *Burt,* 34 Vt. 289, 290.

Thus, there is a legal presumption that the owner of lands adjoining a public way owns to the center line of the highway. In the absence of evidence showing the fact to be otherwise, the plaintiffs' title as abutting owner must prevail. *Abraham* v. *Dougherty,* 115 Vt. 71, 74, 51 A.2d 133; *Elliot* v. *Jenkins,* 69 Vt. 134, 139, 37 Atl. 272; *Marsh* v. *Burt, supra,* at 290; *Buck* v. *Squiers,* 22 Vt. 484, 489.

The statute in question is founded on this presumption of law. The selectmen are authorized and directed to act accordingly, unless it comes to their attention that the presumption should not operate.

We recognize that the administration of town affairs, particularly in regard to highways is seldom conducted by officials skilled in the law. To impose on selectmen the burden of exhaustively searching the land and probate records to determine the precise status of the title to the fee of an abandoned highway would defeat the result

which the statute sought to achieve, namely, to provide a practical and expedient means of settling the title and confirming the legal presumption which already prevails.

The record certified in this appeal furnishes no reasonable basis to rebut the presumption of the plaintiffs' title as adjoining owners. We must assume that the action taken by the selectmen in the scope of their official duties was regular and in accordance with the requirement of the statute. *Manchester* v. *Townshend,* 110 Vt. 136, 143, 2 A.2d 207. The defendants have shown nothing to the contrary.

It appears that in the discontinuance of the highway in question there was substantial compliance with the directive of the statute. The area north of the centerline of Railroad Depot Street was properly confirmed to the plaintiffs.

*Judgment affirmed.*