## Scott Spooner v. Lucien H. Menard et al

[196 A.2d 510]

October Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed December 3, 1963

*Arthur A. Heald* for the plaintiff.

*John Mulvey* for the defendants.

**Barney, J.**  The parties disagree over the meaning of a reservation in a deed.  The facts are not in dispute and are contained in an agreed statement.  The plaintiff conveyed his farm to the defendants in 1955, reserving a dwelling house and small plot of land in one corner of the farm for his own use.  The sole issue in the chancery proceeding below was the construction of the language of this reservation:

> "Reserving unto myself and my heirs and assigns, two acres, more or less, with small dwelling house thereon, situated in the south west corner of the land hereby conveyed and is 500 feet wide on the Sheldon-Swanton road, and bounded westerly by

land owned by Arthur Vosburg, and on the northerly and easterly by the land hereby conveyed, said land reserved running 10 feet across a certain brook on the northerly side."

As so often happens, the inept drafting of the amateur deed gave no problem until the relations of the parties deteriorated. At that time their common boundary had not been marked out on the ground and both sides undertook the construction of fences according to their own view of the line. Plaintiff then brought his bill in chancery to enjoin the alleged trespasses of the defendants and determine the matter.

In effect, the chancellor was given two lines and asked to pick the one which satisfied the reservation. His decree establishes the boundary according to the plaintiff's claims, and the defendants are here solely on the proposition that the findings based on the agreed facts do not support the decree.

The plaintiff claims a more or less rectangular lot. The west line is determined by part of one of the original boundaries of the farm where it abuts the land of one Vosburg. The south line is set by the Sheldon-Swanton road to a point giving the lot a width of five hundred feet on that road. At that point plaintiff began his fence running at approximately right angles to the road to go to a point ten feet northerly of the north bank of a brook meandering across the farm in this area from east to west. The identity of this brook is not in dispute. From the point across the brook the plaintiff claims a line ten feet north and following the course of the brook westerly to the Vosburg line. This parcel is acknowledged to contain at least five acres, and is the one awarded under the decree.

The defendants do not quarrel with either the westerly or Vosburg line or the 500 feet on the Sheldon-Swanton road. They see the parcel as a triangle containing three and three-tenths acres, with the easterly boundary running from the 500-foot point on the road somewhat northwest to a point in the Vosburg line 10 feet north of the brook in question. The dwelling involved is well within these bounds, as well as the plaintiff's version. The defendants claim that their interpretation exactly satisfies the calls in the deed for boundaries, without giving the plaintiff more than double the acreage he reserved.

The construction of the language of a deed is a search for the intentions of the parties as revealed by the wording used when

applied to the premises. *Parrow* v. *Proulx,* 111 Vt. 274, 277, 15 A.2d 835. In such a search, the particular description governs the general, and where courses, distances, monuments, lot and range designations or surrounding lands enable the boundaries to be readily determined, such definitely bounded parcel shall be the lot conveyed although perhaps inconsistent with some general words of description or statements of quantity. *Ripchick* v. *Pearsons,* 118 Vt. 311, 316-7, 109 A.2d 347.

The key to this matter is the position of the corner "ten feet beyond the brook." Its location is not particularized. It has no coordinates given. Neither distance nor direction from any other point or bound is set forth. No monuments determine its location or the course of intersecting bounds to fix its place on the ground. With nothing to establish the angle, there are, in fact, numberless boundaries that can be laid out from the 500-foot point on the Sheldon-Swanton road to a point located 10 feet beyond the brook, limited only by the Vosburg boundary on the west and the easterly extension of the brook or the defendant's farm on the east. The facts disclose no agreement or acquiescence by the parties in any common boundary which locates the corner across the brook. See *Amey* v. *Hall,* 123 Vt. 62, 67, 181 A.2d 69.

■■ The point is adrift, and without further help from the descriptive wording the reservation would be in danger of failing for uncertainty. Acreage is perhaps the least significant of specific descriptions, but it has a place, especially as here where only it is available to give meaning to the conveyance. *Graham* v. *Slayton,* 122 Vt. 425, 430, 175 A.2d 809. The reserved acreage approaches more closely the area enclosed by the line contended for by the defendants, than it does any other area enclosed by a line determined by any other position of the point 10 feet beyond the brook. All others necessarily increase the acreage. The defendants are entitled to that construction among equally reasonable ones which favors them as grantees. *Huntly* v. *Houghton,* 85 Vt. 200, 204, 81 Atl. 452.

In the light of this, it is apparent that the findings require a decree sustaining the defendants' position, rather than the one actually rendered.

*Decree reversed, and cause remanded for the entry of a decree consistent with the views expressed in this opinion.*