**Gerald D. Kilcullen v. Peter J. Dery and Pierrette L. Dery**

[334 A.2d 410]

No. 75-73

Present: **Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.**

Opinion Filed February 4, 1975

Motion for Reargument Denied February 26, 1975

*Jeffords & Rice,* Montpelier, for Plaintiff.

*Robert J. Kurrle, Esq.,* Montpelier, for Defendants.

**Daley, J.** Plaintiff Gerald Kilcullen brought an action in Orleans County (Superior) Court to reform the description in a deed of land in Troy, Vermont, obtained from defendants Peter and Pierrette Dery. He also sought injunctive relief to prevent defendants from exercising control over the disputed land that he believed had been conveyed to him.

The record details the following factual situation. In March, 1963, the Derys owned a farm in Troy, Vermont, consisting of about three hundred acres of land conveyed to them by warranty deed of the Chittenden Trust Company dated November 1, 1961. Kilcullen entered into negotiations with one Hollis Manning, defendant's real estate agent, which culminated in Kilcullen signing a contract of sale in August, 1963, to purchase the Dery Farm. Manning had stated during the preliminary negotiations that the farm consisted of approximately two hundred eighty acres, since the Derys wanted to retain about twenty acres of the original farm. The agreement of sale, dated August 22, 1963, and signed by both parties, described the land as containing between two hundred fifty and two hundred eighty acres of land.

Kilcullen received the deed at the closing on September 14, 1963. The description of the land therein begins with a general description:

> Being a part of the same land and premises as were deeded to Peter J. Dery and Pierrette L. Dery by Chittenden Trust Company by warranty deed dated November 1, 1961 . . . .

There follows specific metes and bounds descriptions of three separate parcels. The description then concludes with another general description as follows:

> The aforesaid three parcels constitute all of the said land and premises deeded to the said Peter J. Dery and Pierrette L. Dery by Chittenden Trust Company as aforesaid and as described in the aforesaid deed as consisting of 300 acres, more or less, except for three small fields consisting of 25 acres, of land, more or less, which land is being retained by the grantors herein.

About one year later, Kilcullen had reason to believe that he received only two hundred acres of land, instead of the ex-

pected approximate two hundred seventy-five acres, being the three hundred acre Chittenden Trust farm less the three small fields of twenty-five acres. The lower court, noting the irreconcilableness of the general and specific descriptions, applied the accepted construction maxim that the specific controls the general and thus determined that the parties only intended to convey the two hundred acres encompassed by the three specific parcels.

Were this particular controversy simply a matter of deed construction, we would affirm the lower court's resolution without further discussion on the authority of *Spooner* v. *Menard*, 124 Vt. 61, 196 A.2d 510 (1963), which sets forth the law governing interpretation of deeds. However, Kilcullen brought his suit for reformation of the deed. It is well established that to obtain reformation on the basis that the deed does not represent the actual conveyance intended by the parties, plaintiff has the burden of establishing that there existed, previously to the deed, a valid agreement representing a standard to which the erroneous writing may be reformed, so as to express the true transaction between the parties. *deNeergaard* v. *Dillingham*, 123 Vt. 327, 331, 187 A.2d 494 (1963). To fulfill this burden the plaintiff is required to produce proof sufficient to establish his claim beyond a reasonable doubt. *Id.*

At trial, Kilcullen sought to show that there was a valid agreement between the parties to convey the entire Chittenden Trust farm, minus the three fields reserved by the Derys. As evidence thereof, he pointed to the sales agreement to convey two hundred fifty to two hundred eighty acres, his transaction with the real estate broker who indicated that there were at least two hundred fifty acres to be sold, and the two general descriptions in the deed. Kilcullen also noted an inconsistency involving the reservation of the three fields in the deed, in that the fields are surrounded by other lands also claimed to be retained by the Derys, yet the sole exception refers to the three fields only.

A careful examination of the conclusions of law of the trial court discloses that it relied solely on the construction principle favoring the specific language in the deed in deciding that the parties intended to convey only the two hundred

acres as set forth in the three specifically described parcels. The findings of fact, especially Nos. 4, 15, and 16, also support the view that the trial court looked only at the deed itself in arriving at its conclusion as to the intentions of the parties. This disposition below bespeaks a misapprehension of the law of reformation.

Kilcullen presented evidence attempting to satisfy his burden of proof beyond a reasonable doubt to show a prior agreement to convey two hundred fifty to two hundred eighty acres of land. He was entitled to an affirmative finding as to whether or not he met his burden of proof. This absence of an essential finding necessitates a remand. *State Highway Board* v. *Jackson*, 128 Vt. 17, 258 A.2d 575 (1969); *Francis* v. *London Guarantee & Acc. Co.*, 100 Vt. 425, 138 A. 780 (1927).

If the trial court finds that Kilcullen has satisfied his burden of proof, it must accordingly reform the deed. However, if the lower court, on remand, finds that based on all the evidence Kilcullen failed to show beyond a reasonable doubt that there was a prior, definite agreement to convey the three hundred acre Chittenden Trust farm, minus three twenty-five acre fields, then the court is left solely with the deed itself as the controlling expression of the intent of the parties. It is at this particular point that the deed construction principles apply. *Parrow* v. *Proulx*, 111 Vt. 274, 15 A.2d 835 (1940). The lower court must then balance such maxims as the specific controls the general, *Spooner* v. *Menard, supra,* 124 Vt. at 63, with the rule that the instrument must be construed most favorably to the grantee, since the words of the deed might bear either party's position equally well. *Bove's Exr.* v. *Bove,* 116 Vt. 76, 91, 70 A.2d 562 (1949). By application of these and other construction guidelines, the court can properly delineate the amount of land which is conveyed by the language of the deed.

*Reversed and remanded.*