**Lynda Lee Fashions, Inc. v. Sharp Offset Printing, Inc.**

[352 A.2d 676]

No. 112-75

Present: Barney, C.J., Smith, Daley and Larrow, JJ. and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed February 4, 1976

*Miller & Norton, Esqs.*, Rutland, for Plaintiff.

*Sullivan & McCaffrey*, Rutland, for Defendant.

**Daley, J.** The defendant purchased a commercial building in Rutland in December, 1972, subject to a written lease of the third floor held by the plaintiff lessee. The lease was for an initial term of five years from March 1, 1968, and contained the following option clause:

Provided lessee is not then in default, lessee shall have the right to extend this lease for an additional period of five (5) years beginning November 1, 1973, to and including October 31, 1978, by notifying the lessor in writing on or before May 1, 1973 sent certified mail, return receipt requested, of its intention so to do. . . .

The plaintiff sought to exercise its right of extension, but failed to give the written notice within the prescribed period. The notice actually given was dated May 14, 1973, and sought an extension upon the terms and conditions contained in the original lease instrument.

Because of the untimely notice, the defendant refused to extend, and prior to the expiration of the initial term the plaintiff brought an action for declaratory judgment seeking to prevent the termination of the lease on October 31, 1973. In its complaint, it alleged that it was not in default of any term of the lease, and, as a result of certain conversations between one of its officers, Mr. Micallizzi, and Mr. Robert Sharp, one of the defendant's officers, in December, 1972, the defendant had by parol waived any requirement of written notice as a condition of extension. The defendant denied the allegations made against it in the plaintiff's complaint; also, by counterclaim filed shortly after October 31, 1973, it sought to eject the plaintiff from the premises and recover damages it claimed to have suffered by reason of the plaintiff's occupancy.

The trial court, after making findings of fact, concluded that an oral waiver of the written notice had been made and declared that the lease had been extended for the additional five-year period upon the terms and conditions contained in it. From this judgment, the defendant appeals.

The first ground of the appeal relates to the failure of the court to make findings of fact upon the first precedential condition of the plaintiff's right to extend, namely, that it not be in default at the time it sought to exercise its right of extension. The plaintiff in its declaration recognized this fact by stating that it had duly performed all of the conditions required under the lease and was not in default. The defendant in its answer denied this claim and produced evidence tending to show that such was not the fact. And the plaintiff, on its part, introduced evidence tending to rebut or explain the evi-

dence of the defendant that it was in breach of certain lease conditions. Both parties made requests to find upon this issue, but none were made.

■■ The trial court is bound to make findings of fact upon all material issues raised by the pleadings and evidence. *State Highway Board* v. *Jackson*, 128 Vt. 17, 258 A.2d 575 (1969). It is the duty of the court, in making findings of facts, to sift the evidence and state the facts, *Neverett* v. *Towne*, 121 Vt. 447, 159 A.2d 345 (1960), and it is our opinion that the facts as found do not warrant the judgment rendered below.

■ Even though it might be said that the written notice requirement was orally waived by the defendant, the plaintiff's right to an extension could not be held to have accrued unless the trial court affirmatively found as a fact that he was not in default.

The plaintiff now would have us hold that if any default existed it was waived. Again, such fact was not expressly found, and the findings of fact as made do not support such conclusion. Because of the lack of affirmative findings on this material issue, the judgment rendered by the court is unsupportable by the facts found, and the cause must be reversed and remanded.

Inasmuch as this cause must be retried, we take occasion to state that we are not convinced that the findings of fact made by the court support its conclusion that the written provisions of the lease as to notice of renewal were waived by the defendant.

■■ A "waiver" is the intentional relinquishment or abandonment of a known right, and the act of waiver may be evidenced by express words as well as by conduct. Unlike an estoppel, it involves the act or conduct of one party to the contract only, and involves both knowledge and intent on the part of the waiving party. See *Beatty* v. *Employers' Liability Assurance Corp.*, 106 Vt. 25, 168 A. 919 (1933); *Trudeau* v. *Lussier*, 123 Vt. 358, 189 A.2d 529 (1963). A waiver does not necessarily imply that one has been misled to its prejudice or into an altered position. The trial court in its findings and conclusions clearly relied upon the doctrine of waiver. The

facts as found by the court do not support an estoppel. It should be pointed out that the cause before us does not involve a holding over as occurs in many landlord and tenant disputes.

As we view the findings of fact, the trial court predicated its conclusion that the defendant orally waived the renewal notice provisions upon two conversations which occurred between Mr. Sharp and Mr. Micallizzi. There is no further finding of any other word, act, or conclusion on the part of the defendant that would support waiver.

These conversations occurred in mid-December, 1972, when Mr. Sharp was visiting the leased premises for the first time. Mr. Micallizzi stated that repairs were badly needed in the ladies' room, as nine out of ten toilets were unusable. At this time, Mr. Sharp asked Mr. Micallizzi if he intended to extend his lease; Mr. Micallizzi replied that he intended to have Lynda Lee Fashions, Inc. remain on until 1978. The court then found that the purpose of the inquiry made by Mr. Sharp was "that it would be costly to repair all of the toilets in the building, and that a lot of money would be needed to be spent, and if Lynda Lee Fashions was not going to extend the lease, it would not be to the defendant's benefit to restore the toilets to their original condition."

Approximately three days later, when Mr. Sharp was again on the premises with a plumber, a second conversation occurred in which Mr. Micallizzi stated, "I thought you understood that I was going to renew my lease or extend my lease until 1978, if my word wasn't good enough I'd offer it in writing. I'd put it in writing for you." The court found that Mr. Sharp then stated that it would not be necessary to put the intention to extend in writing. Contrary to the court's finding, the evidence shows that the conversation was initiated by Mr. Micallizzi after some discussion with a plumber who stated, in effect, that there was some question about the lease.

Subsequent to these conversations, within a short time, the defendant repaired the toilets at its own expense, although the obligation of keeping the premises in repair was, by the terms of the lease, the obligation of the plaintiff.

In our opinion, the import of these conversations was no more than an expression of a desire on the part of the defend-

ant to receive, before it undertook to make costly repairs that it was not bound to make, an assurance that the plaintiff would not terminate its lease. The conversations can also be construed as an intent on the part of the defendant to receive an assurance that the tenant would extend its lease. The court did not find that at the time of these conversations either the defendant or the plaintiff had in mind the provisions of the written instrument relating to the requirements of extension contained in it. Furthermore, the court made no finding that the defendant intended to relinquish his rights under the lease, and the findings as made do not support an intention on his part to do so.

*The judgment of the lower court is reversed and the cause is remanded.*