## Herbert Brown, et al. v. John Cassella, et al.

[370 A.2d 188]

No. 37-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed February 1, 1977

*John J. Welch, Ltd.*, Rutland, for Plaintiff.

*Carroll, George, Hill & Anderson*, Rutland, for *Harvey E. Zaretsky, Ryan Smith & Carbine, Ltd.*, Rutland, for *Howard Steinberg and Maurice J. Mintzer*, Defendants.

**Per Curiam.** The plaintiffs, Herbert and Louise Brown, owners of a parcel of land in the Town of Rutland, brought suit in the Rutland Superior Court against the defendants seeking to reform the description in the deed describing their property. The description, which stated that "about four acres of land" were to be conveyed, specified that the northerly boundary of the property was located 20 feet north of the dwelling house on the property. The plaintiffs maintained that the northerly boundary of their property was actually located 120 feet beyond the house, not 20 feet as stated in the deed. The main evidentiary basis upon which they supported their claim was the testimony of Herbert Brown wherein he stated that he had engaged in several conversations with two of his predecessors in interest to the effect that the northerly boundary of the property was not 20 feet north of the house. The lower court found that there was no corroborative evidence concerning these alleged conversations. It further determined that the plaintiffs had failed to produce sufficient evidence to enable them to meet their requisite burden of proof and dismissed their complaint. From the order entered upon the court's findings of fact and conclusions of law, the plaintiffs appeal.

■ The theory of law relied upon by the plaintiffs to establish their claim to the disputed property was that of reformation. For them to prevail, it was incumbent that they produce evidence sufficient to establish beyond a reasonable doubt that there existed "a valid agreement representing a standard to which the erroneous writing may be reformed, so as to express the true transaction between the parties." *Kilcullen* v. *Dery*, 133 Vt. 140, 142, 334 A.2d 410 (1973); *deNeergaard* v. *Dillingham*, 123 Vt. 327, 331, 187 A.2d 494 (1963). The lower court expressly noted that the plaintiffs had failed to establish beyond a reasonable doubt the existence of such a standard. The plaintiffs argue that there was evidence to show that the 20-foot boundary description

in the deed was incorrect. However, absent a showing by the plaintiffs that their version of the transaction should have been adopted by the lower court as a matter of law, we will not disturb the court's order and judgment. *deNeergaard* v. *Dillingham, supra,* 123 Vt. at 331.

■ The plaintiffs also argue that, since the deed expressly states that four acres is to be conveyed, the northerly boundary must be 120 feet north of the dwelling house in order for the actual acreage to comport with the acreage purportedly conveyed by the deed. In view of the general principles that quantity is to be regarded as the least reliable of all descriptions, *Spooner* v. *Menard,* 124 Vt. 61, 63, 196 A.2d 510 (1963); *Parrow* v. *Proulx,* 111 Vt. 274, 280, 15 A.2d 835 (1940), and that well-defined metes and bounds descriptions prevail over more general descriptions, *Parrow* v. *Proulx, supra,* 111 Vt. at 277, this argument is of no avail to the plaintiffs.

*Judgment affirmed.*