# Anna Monet v. Charles Merritt

[388 A.2d 366]

No. 13-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 6, 1978

262

■■■■■■■■■■■■

*Divoll & Doores, P.C.*, Bellows Falls, for Plaintiff.

*Parker and Lamb, Ltd.*, Springfield, for Defendant.

**Daley, J.** The parties to this action are adjoining landowners who could not agree as to the location of their common boundary line. In a petition for declaratory judgment the plaintiff requested the superior court to determine the true boundary line. The property claimed by the plaintiff was surveyed by Southern Vermont Surveys of Chester, Vermont, and a copy of the survey dated September 16, 1970, and entitled "Property of Anna and Augusta Monet" was introduced into evidence as Plaintiff's Exhibit 1. Upon conflicting evidence the trial court in its conclusions and judgment order determined that Plaintiff's Exhibit 1 correctly set forth the boundaries of plaintiff's property located on the westerly side of Route 11 in the Town of Londonderry, including the disputed common boundary line. In addition the judgment order directed that a copy of the exhibit be filed in the office of the Londonderry Town Clerk.

The defendant by his appeal seeks to have us overturn the judgment on two principal grounds. The first is based on the premise that plaintiff's action was one for reformation of a deed. In this regard defendant alleges error in the plaintiff's failure to establish her claim by proof beyond a reasonable doubt and in the court's failure to affirmatively find that plaintiff had met this burden of proof, citing *Kilcullen* v. *Dery*, 133 Vt. 140, 142–43, 334 A.2d 410, 412 (1975). As a second ground defendant asserts that the court's findings are inconsistent with the rules governing the construction of deeds.

Defendant also argues that the court erred in admitting Plaintiff's Exhibit 1. We disagree on all points and affirm.

■■ Defendant's argument concerning the admission of Plaintiff's Exhibit 1 is easily disposed of and will therefore be addressed first. Defendant claims the document was insufficiently verified and therefore improperly admitted. Verification is a preliminary question of fact largely within the discretion of the trial court and is ordinarily not reviewable. *Taylor* v. *Henderson,* 112 Vt. 107, 120, 22 A.2d 318, 325–26 (1941). In the absence of any indication that the trial court acted for reasons clearly untenable or to an extent clearly unreasonable, we find no abuse of discretion in the record before us. *Nichols* v. *Nichols,* 134 Vt. 316, 318, 360 A.2d 85, 86 (1976).

Before proceeding to the major aspects of defendant's appeal, a short factual summary is in order.

Prior to March 2, 1843, one Frederick Smith was the owner of the so-called Shattuck Farm. On that date he conveyed to the defendant's predecessor in title, one Thomas Smith, the northern portion of the farm described in the deed as follows:

> all of the North part of the Shattuck farm on that part that I have not deeded this day to Wait and Andrews and for a more particular description reference can be had to said deeds one from Frederick Smith to Wait and Andrews and the other from Calvin Aiken to Frederick Smith.

The deed to Wait and Andrews, mentioned in the Frederick Smith to Thomas Smith deed and dated March 2, 1843, described the land conveyed by metes and bounds as follows:

> Beginning at a corner near the school house in the seventh school district in said Londonderry, then running North sixty five degrees West sixty two rods, thence North eight degrees West forty two rods, thence North 41 degrees East thirty three and a half rods, thence North thirty degrees East about twenty three rods to the North East corner of Amaziah Howard Aiken farm so-called thence Easterly about one hundred rods to the North

end of a wall in the West line of the Com 1 land so-called to a corner, thence Southerly to the East Bar Post on the Stage road a corner, thence Westerly on the Stage Road and Amaziah Howards North line to said Howards North West Corner, thence Southerly on said Howards to the Stage road, then on the said Amaziah Howard land to the first mentioned bounds.

The plaintiff is the successor in title to this parcel of land. The location of the boundary between the property described in the Frederick Smith to Thomas Smith deed and that described in the Frederick Smith to Wait and Andrews deed is the line in dispute.

As he did at trial below, the defendant now asserts that the description by courses and distances set forth in the deeds of record are unambiguous and therefore must control. Under this interpretation, defendant would hold record title to a portion of land claimed by plaintiff. The plaintiff counters by arguing that, in addition to the courses and distances description, the deeds of record contain descriptions by reference to monuments and adjoining property lines which control over conflicting courses and distances.

■ Contrary to the assertions made by the defendant, the evidence supports the trial court's finding of an inconsistency on the face of the Wait and Andrews deed. If the courses and distances set forth in this deed were to be followed it would be impossible to reach the so-called Amaziah Howard Aiken "North East corner" specifically referred to in the deed description and a survey would not close. Under these circumstances the trial court was called upon to interpret the deeds in evidence applying the well established rules of construction in order to establish the intent of the parties to each deed. *Davidson* v. *Vaughn*, 114 Vt. 243, 247, 44 A.2d 144, 146 (1945).

■■ A reference to an established property line in a deed description establishes that property as a monument. *Neill* v. *Ward*, 103 Vt. 117, 149, 153 A. 219, 234 (1930). The Amaziah Howard Aiken property, enclosed on three sides by stone fences, adjoins plaintiff's property, and the northeast corner

of the Aiken parcel mentioned in the Wait and Andrews deed was located on the ground. The controlling rule of construction here requires that an inconsistent metes and bounds description yield to a description by monument. *Id.; Vermont Marble Co.* v. *Eastman,* 91 Vt. 425, 448, 101 A. 151, 160 (1917). Accordingly, distances must be lengthened or shortened and courses varied so as to conform to the monument description. *Briggs* v. *Jeffers,* 7 Ohio Misc. 44, 215 N.E. 2d 622, 625 (C.P. 1965) (quoting 6 Thompson on Real Property § 3327, at 519 (Perm. Ed.)).

In construing the prior deeds in the plaintiff's and defendant's chain of title introduced as exhibits, the court found that an omission of a so-called Fourth Bound of North 25 degrees East 64 rods from these deed descriptions had been unintentionally perpetuated in the Wait and Andrews deed. By inserting the omitted Fourth Bound into the description in the Wait and Andrews deed and by correcting two errors in the copying of compass bearings from prior deeds, the court was able to align the description by courses and distances with the description by reference to the northeast corner of the Amaziah Howard Aiken farm in accordance with the rules of construction.

■ The location of a boundary line on the ground is a question of fact to be determined on the evidence. The trial court's findings of fact will not be overturned unless clearly erroneous despite inconsistencies or substantial evidence to the contrary. V.R.C.P. 52; *Pareira* v. *Wehner,* 133 Vt. 74, 77, 330 A.2d 84, 86 (1974). The findings in this case meet the test set out above.

■ The trial court's findings, consistent with the rules of construction approved by this Court in *Spooner* v. *Menard,* 124 Vt. 61, 62–63, 196 A.2d 510, 511–12 (1963) and *Parrow* v. *Proulx,* 111 Vt. 274, 277, 15 A.2d 835, 836 (1940), clearly indicate the use of the process of deed construction as distinct from that of reformation in locating the disputed boundary line as a matter of fact. See *Kilcullen* v. *Dery, supra,* 133 Vt. at 142–43, 334 A.2d at 412. Defendant's claims of error based on an improper grant of reformation are therefore irrelevant.

The language in the judgment order which refers to reformation of the instruments is the language of the parties. The judgment order was prepared by the attorney for the plaintiff and approved as to form by the attorney for the defendant and in the judgment order appears the first reference to reformation. The trial court's findings and conclusions simply indicate a construction of the deed in question and not its reformation. The practical effect as regards the underlying dispute between the parties is the same. The language contains no practical harm to the defendant as distinguished from any findings of construction, and since it is merely a matter of form approved by both parties, it does not require any revision.

*Affirmed.*