## Norman and Betty Marshall v. Donald and Marion Bruce

[543 A.2d 263]

No. 86-355

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed February 19, 1988

*William R. Brooks* and *A. Gregory Rainville* of *Tyler, Bruce & Brooks,* St. Albans, for Plaintiff-Appellants.

*Richard A. Gadbois,* Enosburg Falls, for Defendants-Appellees.

**Mahady, J.** The principal issue presented by plaintiffs' appeal in this boundary dispute is whether artificial monuments referred to in the controlling deed take precedence over specific distances set forth in the deed. We hold that they do. The trial judge reached a similar conclusion, and we affirm.

Plaintiffs' property abuts that of defendants on the latters' southern and eastern boundaries. Deeds in both parties' chain of title refer to four metal stakes placed in the four corners of defendants' property. The parties agree that defendants' southwest corner is marked by a steel fencepost. The distance from that fencepost to a metal stake, in what defendants claim to be their southeast corner, is 210 feet. Defendants' deed, however, refers to their southern boundary as being 175 feet; plaintiffs' deed refers to that boundary as being 175 feet "more or less."

The trial court adopted defendants' position that the metal stakes controlled over the distances called for in the deeds and entered judgment accordingly. Plaintiffs appealed.

This Court has previously held that monuments designated or referred to in the description of the grant control over courses and distances. *Haklits* v. *Oldenburg,* 124 Vt. 199, 203, 201 A.2d 690, 693 (1964); *Vermont Marble Co.* v. *Eastman,* 91 Vt. 425, 448, 101 A. 151, 160 (1917). The reason for this rule is that "it is more likely that there would be a mistake or misunderstanding about the course or distance than about the boundary or monument." *Neill* v. *Ward,* 103 Vt. 117, 148, 153 A. 219, 233 (1930).

Plaintiffs argue that artificial monuments are less reliable than natural monuments. This is true, and that fact is recognized by the law. Therefore,

> if the description indicates a call for a monument and another for a distance, and the area as determined by the use of one call is inconsistent with the area as determined by the use of the other, the court will give preference to the call for the monument. If there is an inconsistency between a call

for a natural monument and one for an artificial monument, the former will be used.

W. Burby, Handbook of the Law of Real Property § 249, at 461 (2d ed. 1954) (footnotes omitted).

■ Consistent with this general rule, we hold that a natural monument will control over an artificial monument and that either type of monument, set forth in the description of the grant, will control over a call for distance. Cf. *Haklits* v. *Oldenburg*, 124 Vt. at 203-04, 201 A.2d at 693. The trial judge correctly applied this rule.

Plaintiffs attempt to avoid the application of the rule by claiming that the evidence failed to support the finding of the trial court that the metal post at defendants' claimed southeast corner is the original metal post set forth in the deed, and that the post had not been moved. There is ample evidence in the record to support the court's findings. As such, we will not set them aside. *Harlow* v. *Miller*, 147 Vt. 480, 481-82, 520 A.2d 995, 997 (1986).

■ Finally, plaintiffs argue that the trial court in effect reformed the deed. However, "[t]he trial court's findings, consistent with the rules of construction approved by this Court . . . clearly indicate the use of the process of deed construction as distinct from that of reformation in locating the disputed boundary line as a matter of fact." *Monet* v. *Merritt*, 136 Vt. 261, 265, 388 A.2d 366, 368 (1978) (citations omitted).

*Affirmed.*