## Mary Phillips v. Doug Savage

[557 A.2d 500]

No. 87-005

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed February 3, 1989

*Michael E. Samson*, Poultney, for Plaintiff-Appellee.

*John J. Welch, Jr.*, Rutland, for Defendant-Appellant.

**Allen, C.J.** The plaintiff instituted this action to enjoin the defendant from cutting trees on a triangular parcel of land containing two to three acres easterly of and adjacent to a parcel admittedly owned by the plaintiff. The trial court concluded that the disputed parcel was also owned by the plaintiff and awarded damages for the value of the trees cut. We affirm.

The conveyance to the plaintiff of all of the land claimed by her described the parcel as follows:

> Beginning at a point marked by an iron pin driven in the ground in the easterly line of Vermont Highway route #30 in the northwesterly corner of land supposed to be owned by Donald Shaw and wife; thence running easterly in the northerly line of land of the said Shaws and land of Harold Westcott SEVEN HUNDRED FEET (700'), more or less, *to the westerly line of land of Robert Brown and wife*; thence running northerly *in the westerly line of land of said Browns* FIVE HUNDRED AND SEVENTY (570') FEET, more or less, to an iron pin driven in the ground; thence running westerly and approximately parallel with the first herein described line SEVEN HUNDRED FEET (700'), more or less, to the easterly line of said highway; and thence running southerly in the said easterly line of the highway FIVE HUNDRED AND SEVENTY FEET (570'), more or

less, to the point of beginning, and containing between nine and ten acres, be the same more or less. Meaning hereby to convey to the grantees herein, the southerly one-half of the land which we the grantors herein, now own. (Emphasis added.)

The dispute arises because the call of 700 feet, more or less, for the southerly boundary falls approximately 350 feet short of the westerly line of the land of Robert Brown and wife which is described as the easterly line of the plaintiff's land. The triangular parcel in issue created by the description lies between the westerly line of the Brown property and a line deflecting to the north 700 feet from the easterly line of the highway.*

The defendant argues that the well-defined metes and bounds description must prevail over a more general description of land, citing *Brown* v. *Cassella*, 135 Vt. 62, 64, 370 A.2d 188, 189 (1977). The proposition is correctly stated but incorrectly applied. In that case, a metes and bounds description prevailed over a conflicting acreage description which the Court noted was the least reliable of all descriptions. Here, the distance call conflicts with a monument, the Brown property, the location of which was undisputed. *Monet* v. *Merritt*, 136 Vt. 261, 264, 388 A.2d 366, 368 (1978) (a reference to an established property line in a deed description establishes that property as a monument). In a conflict between the calls of distances and known monuments, the distances must yield. *Rambeau* v. *Barrows*, 127 Vt. 550, 554, 255 A.2d 175, 177 (1969). That the acreage purportedly conveyed did not conform with the acreage actually conveyed does not affect the result since, as we have noted, quantity is the least reliable of all descriptions.

The defendant's argument that his motion for a directed verdict should have been granted based on the statement by plaintiff's counsel that it was "an adverse possession case," and that no evidence was introduced to support it, borders on the frivolous. In

---

* On appeal the defendant does not argue that he has a superior title to the parcel in dispute; only that plaintiff has no title.

her complaint plaintiff asserts ownership by deed, and a review of the transcript establishes without question that the case was tried on this theory.

*Affirmed.*